UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN A. DONAHUE,<br><br>            Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>            Defendant. | NO.  CV-04-0252-LRS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

BEFORE THE COURT are plaintiff's Motion for Summary Judgment (Ct. Rec. 6) and the defendant's cross Motion for Summary Judgment (Ct. Rec. 11).  Having reviewed the record, the Court is of the opinion that the ALJ's decision is supported by substantial evidence and without legal error. The Court therefore, will **GRANT** defendant's Motion for Summary Judgment and respectfully, **DENY** plaintiff's Motion for Summary Judgment.

## I. JURISDICTION

On April 29, 2002, Steven Donahue, plaintiff, protectively applied for Supplemental Security Income alleging onset of disability on February 15, 2002. (Tr. 18, 56)  His application was denied initially and on reconsideration.  After timely requesting a hearing, plaintiff appeared before Administrative Law Judge ("ALJ") David J. DeLaittre on June 12, 2003.  (Tr. 243-291.)  The ALJ issued

ORDER - 1

a decision on June 27, 2003, finding that plaintiff was not disabled and denying his claim. (Tr. 15-28.) The Appeals Council denied a request for review (Tr. 6-8), thus the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the

impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he has performed in the past.  If the claimant is able to perform his previous work, he is not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant cannot perform this work, the fifth and final step in the process determines whether he is able to perform other work in the national economy in view of his age, education and work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f); *See Bowen v. Yuckert*, 482 U.S. 137 (1987).

    The initial burden of proof rests upon the plaintiff to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  The initial burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

///

ORDER - 3

### III. STATEMENT OF FACTS

At the time of the hearing the plaintiff was 44 years old. He had a high school education and past work experience as a tire repairman, tow truck operator, furniture assembler, and a mail clerk for the Social Security Administration's Office of Hearings and Appeals. Plaintiff alleged disability because of chronic low back pain and impairment, arthritis in his right foot, a left knee impairment, and depression. (Tr. 78.) The Court will not further reiterate the facts which have been thoroughly summarized in the ALJ's opinion and plaintiff and defendant's memoranda. Additional relevant facts and evidence will be discussed within the analysis.

### IV. ADMINISTRATIVE DECISION

The ALJ found at step one that the plaintiff had not engaged in substantial gainful activity since the alleged onset date. The ALJ found that Mr. Donahue had severe impairments of mild degenerative lumbar changes and chronic lumbar strain. (Tr. 27.) The ALJ also determined that plaintiff had a history of substance abuse in remission, and that he had no severe mental impairment. At step three, the ALJ found plaintiff's impairment did not meet or equal the requirements of any of the Listings. Plaintiff's residual functional capacity was determined as follows:

> [T]he claimant retains the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. He can stand/walk 5 hours in an 8-hour workday and sit throughout a work day. He needs an option to sit/stand every hour. He is restricted from repetitive bending, stooping and squatting.

(Tr. 27, Finding 5.)

At step four, the ALJ found plaintiff did not retain the residual functional capacity to engage in his past relevant work, but that plaintiff could perform other light work existing in

ORDER - 4

significant numbers in the national economy such as a cashier, assembler, agricultural sorter, and hand packager. (Tr. 28.) The ALJ then concluded the claimant was not under disability as defined by the Social Security Act. 20 C.F.R. § 416.1520(c); Tr. 28. In making this determination, the ALJ found plaintiff's testimony regarding the alleged severity of his symptoms not entirely credible. (Tr. 21.)

## V. ISSUES

Plaintiff claims the Commissioner's findings are tainted by legal error and unsupported by substantial evidence. Specifically, the plaintiff contends the ALJ failed to properly evaluate the evidence of mental impairment in reaching the conclusion Mr. Donahue's mental impairments were not severe. Plaintiff alleges the ALJ failed to provide specific and legitimate reasons for rejecting Dr. David Bot and Dr. Dennis Pollack's opinions. Defendant contends these opinions were properly rejected and that the ALJ's determination was properly supported by substantial evidence.

## VI. DISCUSSION

### A. Standard of Review

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might

ORDER - 5

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

**B. ANALYSIS**

At step two, the burden of proof is on the claimant to demonstrate that she has an impairment (or impairments) "which significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). In *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996), the United States Court of Appeals for the Ninth Circuit explained that "the step-two inquiry is a de minimis screening device to dispose of groundless claims." An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to perform

ORDER - 6

basic work activities, that is, when he or she has the abilities and aptitudes necessary to do most jobs. *Id*. Examples of these are sitting, standing, walking, lifting, carrying, handling, reaching, pushing or pulling; seeing, hearing, and speaking; understanding, carry out, and remembering simple instructions; use judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting. SSR 85-28, Titles II and XVI: Medical Impairments That Are Not Severe, 1985 WL 56856 (1985).

In step two of the sequential analysis, the ALJ determined that plaintiff did not have a severe substance abuse disorder or any other severe mental impairment. While recognizing the plaintiff may have some difficulty with somatoform disorder, pain disorder, or a personality disorder, the ALJ concluded that the difficulties caused by these impairments were mild. In reaching this conclusion, the ALJ accorded great weight to the opinions of non-examining psychologists Sharon Underwood, Ph.D. and Michael Brown, Ph.D. Both Dr. Underwood and Dr. Brown concluded that the plaintiff's mental impairments (personality disorder, difficulty in social functioning, concentration, persistence and pace) caused only mild difficulty and posed no significant restrictions on plaintiff's ability to work. The ALJ rejected the evaluations conducted by examining psychologists Dr. Bot and Dr. Pollack. Dr. Bot had concluded that the plaintiff would have mild limitations in daily living, moderate to marked (but more toward moderate) difficulty with social functioning and moderate deficits in concentration, persistence and pace due to his pain and manner of relating. Dr. Pollack had also opined that plaintiff's personality disorder with compulsive,

ORDER - 7

schizoid and dependent features would have a moderate limitation on his ability to work with others without distraction, completing a normal workday or work week, interact with the public and accept instructions and respond appropriately to criticism from supervisors.

The weight given to the opinion of a physician depends on whether the physician is a treating physician, an examining physician, or a nonexamining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. *Id.* To reject the uncontradicted opinion of an examining physician, the Commissioner must provide clear and convincing reasons that are supported by substantial evidence in the record. *Id.* Likewise, to reject a contradicted opinion of an examining physician, the Commissioner must provide specific and legitimate reasons that are supported by substantial evidence in the record. *Id*. at 830-31. The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining physician. *Id*. at 831.

In this case, there were four separate mental assessments for the ALJ to consider. The ALJ is instructed to evaluate, not simply accept, medical evidence. The Court finds the ALJ adhered to this duty by critically evaluating the doctors' opinions and the conflicting records and evidence. The ALJ considered the reports of Dr. Bot and Dr. Pollack and decided they were less "convincing" for numerous reasons. Both Dr. Bot and Dr. Pollack performed consultative examinations, but provided no treatment. The ALJ's reference to the short duration of the plaintiff's relationship with

ORDER - 8

these providers correctly indicates the ALJ was not required to accord their opinions the weight accorded to a treating physician. Furthermore, the ALJ was entitled to conclude that the one-time consultation did not substantiate Dr. Bot's opinion that plaintiff suffers from moderate limitations in social functioning and concentration, persistence and pace. In weighing this opinion, the ALJ considered the plaintiff's own statements of his overall daily activities, his return to college, and work attempts, which contradicted the opinion that he has more than de minimis difficulty in these areas. Notably plaintiff had returned to college and was training as a medical receptionist/clerk with five hours of school a day. The ALJ also considered the fact that plaintiff himself explained to Dr. Bot that he never had any mental impairment and at the hearing he stated he did not need any mental health treatment. Finally, the ALJ also noted that Dr. Bot had included in his mental health assessment the consideration the plaintiff's physical impairment, an area outside of Dr. Bot's expertise, and based primarily on the plaintiff's self-reporting. Though the ALJ assessed plaintiff suffered from a severe back impairment, the ALJ found his assessment of his limitations caused by the impairment and pain not entirely credible. Because the ALJ gave specific and legitimate reasons for according lesser weight to Dr. Bot's assessment, no legal error occurred.

The ALJ also rejected Dr. Pollack's assessment that plaintiff would have moderate limitations working with others without distraction, completing a normal workday, interacting with the public and dealing with supervisors. Notably, Dr. Pollack opined all other restrictions were no more than slight. Again, the ALJ

ORDER - 9

stated several grounds as the basis for his rejection of this assessment. First, the ALJ noted the inconsistency between Dr. Pollack's assessment and other evidence of record including the claimant's asserted daily living activities, his schooling, lack of medical treatment, and the statements from his treating physician vocational rehab workers that he could return to work. At step two, when analyzing whether plaintiff has the abilities and aptitudes necessary to do basic work activity, the plaintiff's ability to engage in and withstand the rigor of college course work and his other attempted work is relevant and can be reasonably interpreted as being inconsistent with the degree of mental limitation assessed. Inconsistent daily activities is a factor the ALJ may consider in rejecting a physician's opinion to the contrary. *See, e.g., Morgan v. Commissioner*, 169 F.3d 595, 602-03 (9th Cir.1999); *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir.1990). Finally, the ALJ pointed out that Dr. Pollack's opinion was performed for a state adult assistance program, which is not governed by the same criteria as the Commissioner. State and federal governments administer programs with different eligibility criteria. These differences reduce the evidentiary value of the rejected conclusion.

    The ALJ evaluated the evidence submitted by the many medical experts in this case and where that evidence was conflicting, he resolved those conflicts by giving more weight to some evidence and less to others in light of all the evidence of record. This is not a case where a treating physicians' opinion was disregarded in favor of the opinion of a consulting physician. 20 C.F.R. § 404.1527(d)(2). In this case, none of the mental health opinions were from treating physicians. Rather the ALJ had the opinions of

ORDER - 10

four consultants, two of which conducted a one-time examination of the plaintiff and two of which are experts in the evaluation of medical issues in disability claims under the Social Security Act. In light of all of the evidence of record, the Court finds the ALJ did not commit legal error in evaluating Dr. Bot and Dr. Pollack's opinions. The ALJ's reasons for rejecting their opinions were specific and legitimate. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.1989) (holding that the ALJ's burden in rejecting a physician's opinion is satisfied "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings").

### VII. Conclusion

For the foregoing reasons, the Court holds that the denial of benefits by the Commissioner was supported by substantial evidence in the record and that these findings are not tainted by legal error. Accordingly, Plaintiff's Motion for Summary Judgment (Ct. Rec. 6) is **DENIED**. Defendant's Motion for Summary Judgment (Ct. Rec. 11) is **GRANTED. IT IS SO ORDERED** . The District Court Executive is directed to enter this Order and an Order of Judgment, forward copies to counsel, and close the file.

**DATED** this 5th day of July, 2005.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
United States District Judge

ORDER - 11